EL MUNICIPIO DE GUAYAMA, demandante y recurrido, *v.* PONCE FEDERAL SAVINGS AND LOAN ASSOCIATION OF PUERTO RICO, demandada y recurrente.

*Número:* R-76-266      *Resuelto:* 22 de octubre de 1976

*Matos & Matos,* abogados de la recurrente; *Santiago Polanco Abreu,* abogado del recurrido Municipio de Guayama.

PER CURIAM: Este caso surge mediante demanda del Municipio de Guayama contra el Ponce Federal Savings and

Loan Association en cobro de la patente municipal impuesta a dicha institución por operar dentro de la municipalidad un negocio de banco durante los años 1967–68, 1968–69 y 1969–70. Ley Núm. 26 de 28 de marzo de 1914, sec. 2, L.P.R. 1914, págs. 181–82. (1)

Esta es la segunda vez que la recurrente acude ante nos. Ya antes, en 29 de enero de este año dictamos sentencia en el recurso R-75-320 dejando sin efecto la sentencia sumaria del Tribunal Superior, Sala de Guayama, que condenaba a la demandada, aquí recurrente, al pago de la patente municipal reclamádale, y devolvimos el caso al tribunal de instancia para ulteriores procedimientos, por entender que habiéndose planteado la ilegalidad de la imposición de la patente municipal, la recurrente podría acudir al tribunal sin haber agotado el trámite administrativo. Luego de una moción de reconsideración del Municipio dictamos una resolución en la que instruimos al tribunal de instancia a resolver la cuestión de si las disposiciones de la Ley de Patentes Municipales eran aplicables a las asociaciones de ahorro y préstamos. El tribunal recurrido luego de la celebración de una vista resolvió que las operaciones de la institución demandada caen dentro del concepto de "banco o casas de banca particulares" sujetas al pago de patentes que está comprendido en el Grupo "B" de negocios o industrias enumeradas en la Sec. 2 de la Ley de Patentes Municipales. El tribunal llegó a esa conclusión luego de considerar las actividades a que se dedica la institución recurrente que hemos reseñado precedentemente.

Un examen aun superficial de las gestiones que realiza la recurrente en su sucursal de Guayama en la que se generan los fondos que luego han de ser prestados para los fines autorizados, y concebiblemente algunos de éstos se efectúan

---

(1) Derogada por Ley Núm. 27 de 12 de junio de 1971, ef. 1.º de julio de 1971.

sobre propiedades radicadas en el Municipio de Guayama, nos lleva al convencimiento de que la recurrente se dedica a operaciones bancarias que están incluidas bajo el concepto de "banco y casas de banca particulares" contenido en la Ley de Patentes Municipales. Debe advertirse que la Ley de Patentes Municipales data del año 1914 cuando el negocio de bancos y casas de banca particulares no había alcanzado la sofisticación del negocio bancario moderno. Las operaciones bancarias entonces eran relativamente sencillas, y no existiendo ninguna Ley de Bancos[2] como la que ahora existe, no pudo ser la intención del legislador el limitar la imposición de patentes municipales exclusivamente a los negocios de bancos reglamentados por la Ley de Bancos. No es hasta el año 1923 que la Asamblea Legislativa adopta un estatuto que define y reglamenta los negocios de bancos.

■ En el curso de los años han surgido instituciones bancarias reglamentadas por leyes federales sobre las cuales no tienen poder de reglamentación los estados, incluyendo el Estado Libre Asociado de Puerto Rico, salvo sobre aquellos aspectos que las leyes federales respectivas así lo autorizan. En el caso de las asociaciones de ahorro y préstamos federales no existe prohibición en la ley federal que impida la imposición de patentes municipales o contribuciones estatales. El hecho de que sus operaciones no se extiendan a través de toda la gama de actividades que efectúa un banco de los autorizados por la Ley de Bancos no le hace perder el atributo de banco a los fines de la Ley de Patentes Municipales. Así lo revela la prueba presentada que está reseñada precedentemente.

■ De conformidad con la Regla 50 del Reglamento de este Tribunal y habiendo concluido que las asociaciones de

---

[2] El estatuto bancario básico en Puerto Rico data de 1923. Ley Núm. 18 de 10 de septiembre de 1923, L.P.R. Sesión Especial, 1923, pág. 83. Luego de varias enmiendas se adoptó una nueva ley bancaria en 1950. Ley Núm. 430 de 15 de mayo de 1950; L.P.R. 1950, pág. 1057, 7 L.P.R.A. sec. 1 *et seq.*

ahorro y préstamos federales están sujetas a la imposición de patentes municipales(³) *se confirma la sentencia dictada por el Tribunal Superior, Sala de Guayama, en 25 de junio de 1976 en el caso civil CS-71-796, Municipio de Guayama, etc. v. Ponce Federal Savings, que condena a Ponce Federal Savings and Loan Association of Puerto Rico a pagar la patente municipal adeudada para los años económicos 1967–68, 1968–69 y 1969–70.*

El Juez Asociado Señor Díaz Cruz no intervino.

---

(³)Las asociaciones de ahorro y préstamo están específicamente incluidas actualmente como negocios sujetos a patente municipal bajo la Ley Núm. 113 de 10 de julio de 1974, L.P.R. 1974, pág. 779; 21 L.P.R.A. sec. 651a(5), (6)(B).